Pearson, C. J.
 

 Passing by the question, whether the defendant, as assignee, is bound by the .covenant, we are of opinion that the complainants are not entitled to a decree, on two grounds:
 

 1. By the terms of the contract no one of the parties undertakes
 
 to do the work, or to have it done.
 
 The legal effect of the instrument is to bind the parties to pay a ratable part of the expenses- that any one or more of them may incur in doing what work may, in his or their judgment, be necessary. This is the true construction, and the court
 
 *20
 
 cannot.compel a party to do that which lie has not undertaken ¡'to do.
 

 2. Suppose the parties had undertaken :to do the work, a specific .performance by a decree would -be impracticable, because there is no mode of which the court can avail itself, for ascertaining what work is necessary. Any one of the parties has the right to determine what-work is necessary, and is fully empowered to do it, or have it done. This mode of deciding the question, viz. by une or more of the parties, is the only one provided by the instrument, and as they have seen proper to adopt it, any other is excluded. This puts it out of the power of the court to direct an inquiry as to what work is necessary. The mode agreed upon by the parties contemplated that one or more of them shall, in the first instance, have the work done, and then call upon the others for contribution in money. Such are the terms of-the contract, and it is not in the power of the court to alter them, although it may be onerous to some of the parties to incur the expense of having the whole work done. Indeed, a readiness to do the work themselves, or to have it done, is the only check provided in the instrument upon the exercise of their discretion in respect to the work necessary, in order to make the canal answer the purpose for which it was intended. The court has no power to remove this check.
 

 Again, there is a general allegation that the work necessary to be done would require an outlay of $1,400; but there is no allegation that any one or more of the parties have determined what
 
 particular-work
 
 is necessary to be done ; for instance, how much wider (the canal should be, ¡and at what places ; how much deeper, &c., &c. Such an -agreement would seem to be a necessary preliminary to raising the questions which, we have been considering.
 

 The bill must be dismissed.
 

 Per Curiam.
 

 Rill dismissed.